1  **LAW OFFICE OF IRENE KARBELASHVILI**
   Irene Karbelashvili, State Bar Number 232223
2  Irakli Karbelashvili, State Bar Number 302971
   12 South First Street, Suite 413
3  San Jose, CA 95113
4  Telephone: (408) 295-0137
   Fax: (408) 295-0142
5

6  Attorneys for DMITRY YANUSHKEVICH, Plaintiff

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9
                           **SAN JOSE DIVISION**
10

11

12 DMITRY YANUSHKEVICH,                        )   Case No. 5:16-cv-2780
                         Plaintiff,            )
13 vs.                                         )   **Civil Rights**
                                               )
14                                             )   **PLAINTIFF'S COMPLAINT FOR**
   TRADER JOE'S COMPANY, a California          )   **INJUNCTIVE RELIEF AND**
15 corporation, d/b/a TRADER JOE'S; FR         )   **DAMAGES:**
   SAN ANTONIO CENTER, LLC, a                  )
16 Delaware limited liability company;         )   **1st Cause of Action**: For Denial of
   DIANE M. SANTOS, in her in individual       )   Access by a Public Accommodation
17 and representative capacity as Trustee of   )   Violation of the Americans with
   THE RODNEY & DIANE SANTOS 2002              )   Disabilities Act of 1990.
18 TRUST; and DOES 1-10, inclusive             )   **2nd Cause of Action**: For Denial of
                         Defendants.           )   Full and Equal Access in Violation of
19                                             )   California Disabled Persons Act.
                                               )    **3rd Cause of Action**: For Denial of
20                                             )   Access in Violation of California
                                               )   Health & Safety Code.
21                                             )    **4th Cause of Action**: For Denial of
                                               )   Access to Full and Equal
22                                             )   Accommodations, Advantages,
                                               )   Facilities, Privileges and/or Services
23                                             )   in Violation of the Unruh Civil Rights
                                               )   Act.
24                                             )   **5th Cause of Action**: Violation of the
                                               )   California Unfair Competition Act.
25                                             )
                                               )
26                                             )   **DEMAND FOR JURY TRIAL**
                                               )
27

28

Page 1 of 19

## I. INTRODUCTION

1. This is a civil rights action for disability discrimination by Defendants TRADER JOE'S COMPANY, a California corporation, d/b/a TRADER JOE'S; FR SAN ANTONIO CENTER, LLC, a Delaware limited liability company; DIANE M. SANTOS, in her in individual and representative capacity as Trustee of THE RODNEY & DIANE SANTOS 2002 TRUST; and DOES 1-10, inclusive (collectively "Defendants") against Plaintiff DMITRY YANUSHKEVICH ("Plaintiff")  who is a person that is legally blind. Plaintiff alleges that Defendants failed to remove architectural barriers at Defendants' business establishment, TRADER JOE'S (alternatively referred to as "Store"), which is a place of public accommodation, thereby discriminatorily denying Plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990 and related state law claims.

2. Plaintiff is a person with a physical disability who, on various occasions, including on July 19, 2015, was an invitee, guest, patron, customer at the Store, in the City of Mountain View, California. At said time and place, Defendants failed to provide proper legal access to the Store, which is a "public accommodation" and/or a "public facility" including, but not limited to the parking lot and entrance. The denial of access was in violation of both federal and California legal requirements, and Plaintiff suffered violation of his  civil rights to full and equal access, and was embarrassed and humiliated.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of the Unruh Act, Cal. Civ. Code § 51 et seq., and the Disabled Persons Act, Cal. Civ. Code § 54 et seq.

## III. VENUE

4. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 590 Showers Drive, Mountain View, CA 94040 and that Plaintiff's causes of action arose in this county.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## IV. INTRADISTRICT ASSIGNMENT

5.     This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## V. PARTIES

6.     Plaintiff DMITRY YANUSHKEVICH is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff lost his sight after he was misdiagnosed with a brain tumor and underwent radiation therapy when he was a child.  Plaintiff possesses a disabled parking placard issued by the State of California. Plaintiff is, and at all times relevant hereto was, a resident of Palo Alto, California.

7.     Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, et seq.

8.     On information and belief, Defendants TRADER JOE'S COMPANY, a California corporation, d/b/a TRADER JOE'S; FR SAN ANTONIO CENTER, LLC, a Delaware limited liability company; DIANE M. SANTOS, in her in individual and representative capacity as Trustee of THE RODNEY & DIANE SANTOS 2002 TRUST; and DOES 1-10, inclusive, are owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the business, property, buildings, parking lots, and/or portions thereof located at or around 590 Showers Drive, Mountain View, California 94040, including but not limited to the Store and the walkways and parking places serving the Store.

9.     The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes that each of the Defendants, DOES 1 through 10 inclusive is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions

of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

## VI. PRELIMINARY FACTUAL ALLEGATIONS

10. The Store, its parking lot, entrance, customer restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the Store and each of its facilities, its entrance and customer restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG)/Americans with Disabilities Act Standards (ADAS), and the California Building Code.

11. At all times referred to herein and continuing to the present time, Defendants, and each of them, advertised, publicized and held out the Trader Joe's as being handicapped accessible and accessible to disabled customers.

12. Plaintiff was an invitee and guest at the subject Store, for purposes of purchasing various goods on multiple of occasions with his last known documented visit on April 19, 2016. During each and every time that Plaintiff patronized the Store, Plaintiff encountered various architectural barriers. These barriers made it impossible for Plaintiff to enjoy the goods and services offered at the Store on a full and equal basis with his sighted peers.

13. The Store is located at a shopping mall at which Plaintiff frequently shops at. Plaintiff has shopped at this Store frequently and encountered numerous barriers that embarrassed, humiliated, and also exposed him to unreasonable risk of physical injury. During each visit, Plaintiff was exposed to hazards as she made his way from the parking lot area to the Store entrance. For instance, there are no truncated domes. The purpose of truncated domes is to alert the visually impaired of approach to streets, and hazardous drop-offs.  Without properly located truncated domes Plaintiff has to make his way across the parking lot while in fear of being struck by a moving vehicle. The existing path of travel has horizontal and vertical gaps that are a tripping hazard that someone with visual impairment may not always be able to avoid.  Inside the Store, there are a lot of protruding items in aisles that are also a tripping hazard for Plaintiff.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

During one of his visits, Plaintiff could not find the restrooms without assistance because the entire facility lacks adequate Braille signage. Although an employee did assist Plaintiff in guiding him to the restroom, this was extremely embarrassing and humiliating for Plaintiff. Plaintiff also had trouble when exiting the restroom. Specifically, the restroom door closes too fast. Door speed is related to Plaintiff's disability since he has a slowed reaction time due to his blindness. As a result, Plaintiff is constantly at risk of being struck by the restroom door

14.     Plaintiff encountered these and other barriers on numerous occasions. Plaintiff did not initially want to file a lawsuit against Defendants; however, seeing how Defendants have persistently refused to remediate the aforementioned barriers, Plaintiff now believes that the only way to make the Store accessible to Plaintiff on a full and equal basis is with a court's involvement. Plaintiff wishes to shop at the Store especially since many of the products are cheaper than similar products offered at other grocery stores. However, until Defendants make their store compliant with federal and state access standards, Plaintiff will not be able to have full and equal access to the Store's goods and services.

15.     Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of Defendants' premises. While he could not make detailed measurements, he determined that the Trader Joe's was also inaccessible in multiple other ways, including, but not limited to, the following:

- Parking by Krung Thai Mountain View restaurant is short
- Transition between curb and asphalt by Krung Thai Mountain View restaurant's parking is a tripping hazard
- Parking sign by Krung Thai Mountain View restaurant is low
- No $250 penalty on parking sign by Krung Thai Mountain View restaurant
- No truncated domes at all Trader Joe's curb ramps
- No truncated domes crossing the vehicle way at Trader Joe's
- Parking short in depth at Trader Joe's
- Transition between curb and asphalt is a tripping hazard at Trader Joe's
- Exit door does not have signs with Braille
- Exit door is blocked by a garbage can
- None of exit doors has exit signs with Braille
- Protruding items are inside the restroom
- Low hanging cabinet are inside the restroom

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19. Therefore, as a legal result of encountering each of said elements, Plaintiff experienced one, all, or a combination of the following adverse experiences: stress, strain, difficulty, and discomfort, anxiety, disappointment, and embarrassment.

18. At all times stated herein, it was "readily achievable" for Defendants to remove some and/or all of the architectural barriers complained of over a reasonable period of time from the date that Defendants initially took possession to meet the affirmative duty to identify and remove architectural barriers where it is readily achievable to do so. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

19. At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

20. At all times stated herein, Defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent Plaintiff from receiving the same goods and services as sighted patrons and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

21. As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq.

22. Construction alterations, if any, carried out by Defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

23. Defendants may have intentionally undertaken to modify and alter existing building(s), and may have failed to make them comply with accessibility requirements under the requirements of ADAAG/ADAS and California Building Code.

24. Plaintiff would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

25. Plaintiff also encountered architectural barriers at the Store which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Plaintiff is seeking to remove barriers unrelated to his disability.

26. These barriers to access are listed without prejudice to Plaintiff citing additional barriers

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

to access after inspection by Plaintiff's CASp-certified access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc*. 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc*., 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases.

## VII. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 26 of this complaint.

28. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

29. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

30. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, et seq.). Among the public accommodations identified for purposes of this title was a "…a bakery, grocery store... shopping center.." 42

U.S.C. §12181(7)(E).

31. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

32. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;
>
> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities … where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of Defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq. - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

33. The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all

times after January 26, 1992 "readily achievable" as to the subject building(s) of the Store pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

34. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that Plaintiff complains of herein were and are "readily achievable" by Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods which were readily achievable.

35. On information and belief, construction work on, and modifications of, the subject building(s) of the Store occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

36. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, et seq., Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), since Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302.

37. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OFCALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ. (CALIFORNIA DISABLED PERSONS ACT)**

38. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39. At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

> (a) Individuals with disabilities … have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

40. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

41. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

42. Plaintiff Dmitry Yanushkevich is a disabled individual within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by Defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which Defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.

43. Plaintiff has been and continues to be denied full and equal access to the Store. As a legal result, Plaintiff is entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which he visited or has been deterred from visiting the subject Store because of his knowledge and belief that the Store is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and

> 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than …one thousand dollars ($1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

44. On numerous occasions, including on April 19, 2016, Plaintiff suffered violations of Civil Code §§54 and 54.1 in that Plaintiff was denied access to the Store and on the basis that Plaintiff is a person with physical disabilities.

45. As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq.

46. Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damage as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

47. Plaintiff has been damaged by Defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of each Plaintiff's rights as a person or an entity that represents persons with physical disabilities on various occasions, including on April 19, 2016, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

48. As a result of Defendants', and each of their, acts and omissions in this regard, Plaintiff has been required to incur legal expenses and hire attorneys in order to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

49.     Pursuant to the provisions of Civil Code §54.3, Plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel Defendants to make the Trader Joe's accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

**THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET.SEQ.**

50.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 49 of this complaint.

51.     Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

52.     Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

53.     On information and belief, portions of the Store and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the Store and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said Store and/or building to be subject to the requirements of Part 5.5, §19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

54.     Pursuant to the authority delegated by Government Code §4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the Store and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

55. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in the California Building Code.

56. Trader Joe's is a "public-accommodations or facilities" within the meaning of Health & Safety Code §19955, et seq.

57. As a result of the actions and failure to act of Defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, Plaintiff was denied his right to full and equal access to public facilities and suffered a loss of civil rights and rights as a person with physical disabilities to full and equal access to public facilities.

58. Attorneys' Fees — Plaintiff seeks attorneys' fees pursuant to Health & Safety Code §19953. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

59. Plaintiff seeks injunctive relief for an order compelling Defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

**FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**

60. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

61. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
> All persons within the jurisdiction of this state are free and equal, and no matter

> what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure … nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other … laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

62. As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the Defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of Defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendants, and each of them.

63. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure … nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State

Architect otherwise possesses pursuant to other laws.

64.     Defendants' acts and omissions as specified have denied Plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at ¶27, et seq., as if repled herein.

65.     As a result of the denial of equal access to Defendants' facilities due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff suffered violations of his civil rights, including, but not limited to his rights under Civil Code §§51, 52, 54, 54.1, and 54.3, et seq.

66.     Further, Plaintiff suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, upset, anger, frustration, disappointment and worry, expectedly and naturally associated with a person with physical disabilities encountering architectural barrier(s) as stated herein and being denied access, all to his damage as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that is usually associated with the encountering of architectural barriers and legally resulting in adverse experiences. No expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

67.     Plaintiff is entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**FIFTH CAUSE FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ. (THE UNFAIR COMPETITION ACT)**

68.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 67 of this complaint.

69.     Defendants engage in business practices, offer their goods and services for sale, and

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Competition Act set forth in § 17200, et seq., of the Business and Professions Code.

70. The Unfair Competition Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

71. Defendants, and each of them, have engaged and are engaged in unfair competition, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act.

72. Defendants, and each of them, engage in business practices and policies that create systemic barriers to equal access for people with mobility disabilities. Their practice is to create and maintain a public accommodation/business establishment that contains physical barriers to access in violation of state law, to create and maintain policies that blame the disabled person for his inability to achieve equal access.

73. Defendants, and each of them, are in violation of the Civ. Code, §§ 51, 52, 54, 54.1, as well as regulations under California Building Code Title 24. This statutory scheme is intended to provide people with disabilities full and equal access to places of public accommodation and businesses, including stores that sell the same or similar goods. Full and equal disabled access has been identified as a public policy of the highest order.

74. Violations of those statues are unlawful. Violation of those statutes also violate an established concept of fairness, are immoral, unethical, oppressive and unscrupulous.

75. The unfair business practices and policies were also fraudulent: The Store holds itself out as a place of public accommodation/business establishment, welcome to all and code-compliant. It is a popular grocery store, drawing consumers from all over the area. It is likely to deceive consumers who are disabled into believing it offers full and equal access, particularly because the laws requiring access have been in effect for more than 40 years in California.

76. Plaintiff suffered an injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff took time and effort and spent money to travel and utilize the goods and services at the Store, on the belief that it would be accessible. Plaintiff was given less access to the goods and services at the Store than other consumers/patrons although he paid the same price for them as other consumers/patrons pay, e.g., he could not travel with ease from the parking lot to the entry door, and he had various difficulties navigating inside. Plaintiff was forced to expend time and energy to try and remediate the inequality and receive equal goods and

services as Defendants provide to other customers.

77.     Plaintiff seeks relief in the form of such orders as may be necessary to prevent the continued use of Defendants' unfair business practices and policies, and restitution to restore to him any money that Defendants acquired by means of such unfair competition, including profits unfairly obtained to the extent that these profits represent monies given to Defendants by Plaintiff.

**PRAYER:**

Plaintiff prays that this court award damages and provide relief as follows:

**I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

1.      For injunctive relief, compelling Defendants to make the Store and its facilities, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if Plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ. (CALIFORNIA DISABLED PERSONS ACT)[1]**

1.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which Plaintiff was deterred from returning to the subject public accommodation.

2.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if Plaintiff is deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §54.3;

4.      General damages according to proof;

---

[1] Plaintiff is not invoking Civ. Code, § 55 and is not seeking injunctive relief under that section.

Page 17 of 19

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

7. Such other and further relief as the court may deem just and proper.

### III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, ET. SEQ.

1. For injunctive relief, compelling Defendants to make the Store and its facilities readily accessible to and usable by individuals with disabilities, per state law.

2. For attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and/or, alternatively, Health & Safety Code §19953, if Plaintiff is deemed the prevailing party;

3. For all costs of suit;

4. For prejudgment interest pursuant to Civil Code §3291;

5. Such other and further relief as the court may deem just and proper.

### IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which Plaintiff was deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if Plaintiff is deemed the prevailing party;

3. General damages according to proof;

4. Treble damages pursuant to Civil Code §52(a);

5. For all costs of suit;

6. Prejudgment interest pursuant to Civil Code §3291; and

7. Such other and further relief as the court may deem just and proper.

### V. FIFTH CAUSE FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, ET SEQ. (THE UNFAIR COMPETITION ACT

1. Restitution under Bus. & Prof. Code, § 17203 to restore to Plaintiff any money that Defendants acquired by means of such unfair competition, including profits unfairly obtained to

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

the extent that these profits represent monies given to the Defendants by Plaintiff.

2. For injunctive relief, compelling Defendants to make the Store and its facilities compliant with state and federal civil rights statutes, including, but not limited to the Americans with Disabilities, Unruh Civil Rights Act, the California Disabled Persons Act, and the Health and Safety Code.

Dated: May 23, 2016        /s/ *Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for Plaintiff
                           DMITRY YANUSHKEVICH

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: May 23, 2016        /s/ *Irene Karbelashvili*
                           Irene Karbelashvili, Attorney for Plaintiff
                           DMITRY YANUSHKEVICH